UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MARIA MARCELA GUZMAN-CEBALLOS,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:14-cr-00183-KJD-PAL<br>Case No. 2:19-cv-01346-KJD<br><br>ORDER |

　　Presently before the Court is Defendant's § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#69). The Government filed a response in opposition (#77). Defendant also moved the Court for Appointment of Counsel (#70).

　I.　Factual and Procedural History

　　Defendant ("Guzman-Ceballos") pleaded guilty pursuant to a plea agreement to possession of a controlled substance with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). Guzman-Ceballos admitted to having approximately 700 grams of methamphetamine and 18 grams of cocaine in her possession, which police found in her home after obtaining a search warrant. Guzman-Ceballos was sentenced to 70 months imprisonment, which she did not appeal. Guzman-Ceballos filed the present motion, asserting several claims of ineffective assistance of counsel.

　II.　Analysis

　**A.　Legal Standard**

　　28 U.S.C. § 2255 allows a federal prisoner to seek relief under four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" (3) "the sentence was in excess of the maximum authorized by law;" and (4) the sentence is "otherwise subject to collateral attack." 28

U.S.C. § 2255(a).

The Sixth Amendment guarantees the right to counsel for defense. This "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. To show that counsel's performance was deficient, it is required to demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Id. at 687. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689.

**B.  § 2255 Motion**

Guzman-Ceballos asserts that her counsel (1) failed to provide her with discovery materials; (2) failed to advise and explain the Speedy Trial Act; (3) failed to investigate, file a motion to suppress, or mount a defense to the charges; (4) had her sign a plea agreement that differed from the original agreement; (5) failed to inform the Court that this was her first federal offense; (6) interfered with her interview with the probation officer who prepared the Presentence Investigation Report ("PSR"); (7) failed to secure a more lenient sentence; and (8) failed to advise the Court about her medical and mental health issues. (#69).

First, Guzman-Ceballos argues that her attorney was ineffective for failure to supply her with any discovery so that she could "ascertain what was true or false." (#69, at 5). Guzman-Ceballos has not identified what discovery materials her attorney failed to provide or how the information would have helped her defense. Without more specific allegations, the Court cannot properly evaluate the assertions that her attorney was anything less than reasonable.

Similarly, her second and third claims that her attorney failed to properly explain the Speedy Trial Act and that her attorney did not properly investigate, failed to file a motion to suppress evidence against her, and did not mount a defense to the charges against her are also without supporting evidence. Guzman-Ceballos fails to bring any specific claims about what her attorney

failed to explain or how it prejudiced her, or how her attorney failed to investigate, what motions her attorney should have filed in her behalf, and what defenses he failed to mount. Without more exact assertions, this Court cannot find that Guzman-Ceballos experienced ineffective assistance of counsel.

Fourth, she argues her attorney informed her, on the day of sentencing, that he misplaced the plea agreement and had her sign a separate one that same day, which was different from the original. (#69, at 5). Again, Guzman-Ceballos lacks any evidence supporting this claim. Even so, when entering her guilty plea, the Court asked her if she understood the plea agreement, if she discussed it with her attorney, and if she was "satisfied that everything that is inducing you to plead guilty is included in writing in the plea agreement" and Guzman-Ceballos answered "yes" to each question. (#75, at 14-15).

Guzman-Ceballos makes four final claims regarding her attorney's alleged failures related to her sentencing. She claims that her attorney failed to inform the Court that this was her first federal crime, interfered with the probation officer interview, failed to secure a more lenient sentence, and failed to inform the Court of her medical and mental health issues. (#69). The record conflicts with these claims. The PSR includes her criminal history which reveals she has never been convicted of a prior federal crime. See PSR. The PSR also includes information about her physical and mental health, including her lower back pain, medications she takes, and her diagnoses of anxiety, PTSD, and bipolar disorder. Id. at 21-22. At sentencing, her attorney also reiterated that she "suffers from a variety of ailments: physical, mental illness, bipolar." (#76, at 8).

Guzman-Ceballos has not expanded on her claim of how her attorney interfered with her probation officer interview, nor has she presented any evidence that her assertion is true. The record also shows that her counsel persuaded the Court to impose a 70-month sentence as opposed to the sentencing guidelines range of 87-108 months, so her attorney did succeed in securing her a more lenient sentence, despite her claims. Id. at 7, 11.

The available evidence on the record indicates that Guzman-Ceballos' Sixth Amendment right to counsel was not violated, because her attorney provided effective assistance that was not

below an objectively reasonable standard. Without providing detailed evidence that could possibly refute the record, Guzman-Ceballos fails to meet her burden of demonstrating that her assertions against her counsel are true. Because Guzman-Ceballos does not provide any meritorious arguments to support her claims, the Court denies her § 2255 motion.

### C. Certificate of Appealability

Where a district court denies relief on a motion under § 2255, "the petitioner may not appeal that denial without first obtaining a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B). United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). "In order to obtain such a certificate, the petitioner must make 'a substantial showing of the denial of a constitutional right' as to each issue the prisoner seeks to appeal." Id.; 28 U.S.C. § 2253(c)(2). The prisoner must also "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id.

In this case, Guzman-Ceballos makes the claim that she was denied her Sixth Amendment right to effective assistance of counsel, but the record clearly indicates her attorney acted reasonably throughout all aspects of the legal process of which Guzman-Ceballos complains. Guzman-Ceballos failed to adduce evidence demonstrating otherwise, and thus the Court cannot conclude there has been a denial of a constitutional right. Therefore, a certificate of appealability is denied.

### D. Appointment of Counsel

An indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the court for appointment of representation to pursue that relief. 18 U.S.C. § 3006(A)(2)(B). The court has discretion to appoint counsel when the interest of justice so requires. 18 U.S.C. § 3006(A)(2). The interest of justice so requires where the complexities of the case are such that denial of counsel would amount to a denial of due process. See Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the Court has reviewed the documents and pleadings on file in this matter and finds that appointment of counsel is not warranted. The issues raised in Guzman-Cellabos' underlying § 2255 motion are not complex. Guzman-Cellabos has adequately stated her claims. Therefore, the Court finds that justice does not require the appointment of counsel.

E. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#69) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant is **DENIED** a certificate of appealability as to her Motion to Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#69);

**IT IS FURTHER ORDERED** that Defendant's Motion for Appointment of Counsel (#70) is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Plaintiff and against Defendant and close the corresponding civil action, Case No. 2:19-cv-01346-KJD.

Dated this 14th day of February, 2023.

Kent J. Dawson
United States District Judge